IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLYNN DAVID VON FOX,<br><br>  Plaintiff,<br><br>vs.<br><br>CHARLES PATRICK, III,<br><br>  Defendants. | CIV. NO. 23-00590 HG-RT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION AND DENY APPLICATION TO PROCEED WITHOUT PREPAYING FEES |

**FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION AND DENY APPLICATION TO PROCEED WITHOUT PREPAYING FEES**

Before the Court is Plaintiff Glynn David Von Fox's ("Plaintiff") *Application to Proceed in District Court Without Prepaying Fees or Costs* ("Application"), filed on December 11, 2023. ECF No. 4.

The Court shall decide the *Application* without a hearing pursuant to Rule 7.1(d) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*.

After careful consideration of the *Application* and relevant law, the Court **RECOMMENDS** that the *Complaint for a Civil Case* ("Complaint") be **DISMISSED WITHOUT PREJUDICE** and that the *Application* be **DENIED** as moot.

## **DISCUSSION**

I.  **Application to Proceed Without Prepaying Fees or Costs**

The Court may permit the prosecution of a suit without the prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to pay the required fees. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life").  In doing so, the Court considers the applicants annual income and whether it surpasses the poverty threshold as determined by the Department of Health and Human Services ("HHS") 2024 Poverty Guidelines.  *See* Office of the Assistant Secretary for Planning and Evaluation, Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Jan. 24, 2024).  The threshold is based on the number of persons in the applicant's family or household.

In this case, the *Application* states that Plaintiff is unemployed, does not have income, does not own any personal property and owes $38,000.00 in student bills.  ECF No. 4 at PageID.13-14.  Based on the information Plaintiff provided, the Court finds that Plaintiff is unable to pay the required fees and still afford the necessities of life.  However, the Court must subject this action to a mandatory screening before it can recommend in forma pauperis status.

## II.  Screening of the Complaint

Plaintiff is proceeding pro se and seeks the Court's approval to proceed *in forma pauperis*.  The Court is required to construe the pleadings of pro se litigants liberally.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations omitted); *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003).  When a plaintiff seeks to proceed in forma pauperis, the Court must conduct a mandatory screening of the complaint pursuant to 28 U.S.C. § 1915(e).  While screening the *Complaint*, the Court must accept as true the allegations in the *Complaint*.  *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976) (citation omitted).

### A.  Improper Venue

Under 28 U.S.C. § 1391, a civil action may be filed in "a judicial district in which any defendant resides" or in "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred[.]"  28 U.S.C. § 1391(b)(1), (2). "[I]f there is no district in which an action may otherwise be brought . . . [an action can be filed in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b)(3). Plaintiff states he is a citizen of South Carolina; Defendant Charles W. Patrick, III, is a citizen of South Carolina ("Defendant Patrick"); and Defendant "The Country of Japan, is incorporated under the laws of the State (*name*) – Japan – , and has its principal place of business in the State of (*name*) Washington D.C. *[o]r* is

3

incorporated under the laws of (*foreign nation*) – Japan – , and has its principal place of business in (name) Washington D.C."[1] ECF No. 1 at PageID.4. Plaintiff also states that the relief sought is due to a situation involving "Type II Diabetes on behalf of the Japanese Government in Tokyo." *Id*. at 5. Based on the allegations in the *Complaint*, Plaintiff and Defendant Patrick are citizens of South Carolina, none of the events giving rise to the claims occurred in Hawaii and none of the named defendants are subject to the court's personal jurisdiction. Accordingly, without addressing the merits of the *Complaint*, the District of Hawaii is not the proper venue for this action.

Under 28 U.S.C. § 1406(a), if a case is filed in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal. *See, e.g., King v. Russell*, 963 F.2d 1301, 1303-1305 (9th Cir. 1992). Under these circumstances, the Court finds that it is not in the interests of justice to transfer this action. Further, the Court finds that the allegation of other facts will not cure the want of venue in this case and thus,

---

[1] It is not clear if Plaintiff intends to name the country of Japan or a corporation named "The Country of Japan" as a defendant. ECF No. 1 at PageID.4. Nevertheless, this ambiguity does not affect this Court's finding of improper venue.

justice does not require that the Complaint be dismissed with leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation omitted). Accordingly, the Court **RECOMMENDS** that the district court **DISMISS WITHOUT PREJUDICE** the present action for want of venue. Plaintiff may pursue his claims in the proper court. Consistent with this Court's finding to dismiss this action without prejudice and without leave to amend, the Court **RECOMMENDS** that the *Application* be **DENIED** as moot.

## CONCLUSION

The Court **FINDS** that this action is not properly before this Court for want of venue and **RECOMMENDS** that the district court:

1) **DISMISS** the *Complaint* **WITHOUT PREJUDICE** and without leave to amend; and

2) **DENY** the *Application to Proceed in District Court Without Prepayment of Fees or Costs* (ECF No. 4) as moot.

//
//
//
//
//
//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 24, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00590 HG-RT; *Glynn David Von Fox vs. Charles Patrick, III*; Findings and Recommendation to Dismiss This Action and Deny the Application to Proceed Without Prepaying Fees